Argued and submitted June 29, affirmed September 14, 1994

STATE OF OREGON,
*Respondent,*

*v.*

BABATU WHITE,
*Appellant.*

(93-02-30806; CA A79736)

881 P2d 169

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Erin K. Galli, Certified Law Student, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert B. Rocklin, Assistant Attorney General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from convictions for delivery of a controlled substance, ORS 475.992(1), and possession of a controlled substance. ORS 475.992(4). Before trial, he moved to suppress the evidence seized following his arrest on the ground that he was unlawfully stopped and searched. The trial court denied defendant's motion. After a trial on stipulated facts, it found defendant guilty of both charges. Defendant assigns as error the trial court's denial of his motion. We affirm.

■ The trial court found, and there is evidence to support its findings, that a Portland police officer stopped defendant after observing that his car's license plate light and driver's side tail light were out. The officer asked for defendant's driver's license, registration and insurance. Defendant indicated that he had no driver's license and that his license was suspended. He gave the officer an identification card issued by the Department of Transportation. The officer arrested defendant for failure to present his license, ORS 807.570, and asked him to step out of his car. Then, he handcuffed defendant and requested consent to conduct a search. Defendant consented, and the officer searched defendant's pockets, which resulted in the seizure of money, cocaine and a pager. The trial court found that the contact was low-key and lacked hostility.

Defendant makes two arguments in support of his position that the court should have granted his motion to suppress. First, he contends that his detention was not authorized under ORS 807.570(4). He contends that the identification card that he handed to the officer was the functional equivalent of a driver's license, and that once he presented the card to the officer, the officer was without authority to arrest him.

ORS 807.570 describes the offense and penalty for failure to carry or present a license. Specifically, subsection (4) of the statute provides:

"A police officer may detain a person arrested or cited for the offense described in this section only for such time as reasonably necessary to investigate and verify the person's identity."

The sequence of events is important to the analysis under the statute. Defendant told the officer that his license was suspended and handed him the identification card when the officer first approached him. Next, the officer immediately handcuffed defendant and asked for his consent to search. Defendant promptly gave his consent. The gravamen of defendant's argument is that once he handed the identification card to the officer, the statute required the officer to terminate his detention. The officer testified that he believed that the defendant's identification card might be suspended, as well as his driver's license, and that he wished to confirm the defendant's identity over the radio before taking further action.[1] The fact that defendant told the officer that his license was suspended is an additional factor, along with the officer's suspicions about the card, that entitled the officer to detain defendant under the statute for a reasonable time to investigate and verify defendant's identity and driving status. Under the circumstances, we hold that the officer's authority under the statute to continue the investigation did not terminate when defendant presented his identification card. Accordingly, the request to search that followed the handcuffing of defendant did not violate ORS 807.570(4).

Next, defendant contends that his consent to the search of his person was not voluntary. He emphasizes the fact that he was placed in handcuffs before being asked by the officer for consent to search. The trial court found that defendant's consent was voluntary. In *State v. Mesa*, 110 Or App 261, 266, 822 P2d 143 (1991), we said:

> "We review the facts to assess whether they meet constitu-
> tional standards of voluntariness. *State v. Stevens*, 311 Or
> 119, 135, 806 P2d 92 (1991). The state must prove voluntary
> consent by a preponderance of the evidence. *State v. Stevens,
> supra*, 311 Or at 137. We judge voluntariness in the light of
> the totality of the circumstances to see whether the consent
> was given by defendant's free will or was the result of

---

[1] Under ORS 807.400(1), identification cards issued by the Department of Transportation provide verification of identity for individuals who do not have a current driver's license. These cards are subject to cancellation under ORS 807.400(12), which provides, in part:

"An identification card may be canceled for any of the reasons that driving privileges or a license may be canceled under ORS 809.310."

coercion, express or implied. *State v. Kennedy*, 290 Or 493, 502, 624 P2d 99 (1981)."

We conclude that the state carried its burden of proving that defendant's consent to the search of his person was voluntary. Defendant was confronted by one officer on a public street. No weapons were displayed during the encounter, and there was no testimony that the officer threatened defendant or used physical force in any way. The trial court found that the entire contact was low-key and without hostility, and there is evidence to support that finding. The fact that defendant was in handcuffs when he consented does not render the consent involuntary *per se. See State v. Bea*, 318 Or 220, 230, 864 P2d 854 (1993). There is nothing in the record to indicate that the officer intimidated or coerced defendant into consenting in any way. We conclude from the totality of the circumstances that defendant's consent was voluntary and that the trial court properly denied the motion to suppress.

Affirmed.